UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES WAITES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:25-cv-12526 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| ROSALIND FRANKLIN UNIVERSITY OF ) | |
| MEDICINE AND SCIENCE A/K/A ) | |
| ROSALIND FRANKLIN UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On October 14, 2025, Defendant, Rosalind Franklin University of Medicine and Science ("RFU") removed this lawsuit from the Circuit Court of the Nineteenth Judicial Circuit, in Lake County, Illinois ("19th Judicial Circuit"), asserting Plaintiff, James Waites' ("Waites") claim is explicitly governed by the Employee Retirement Income Security Act, 29 U.S.C. §1001, et seq. ("ERISA") and thus subject to removal pursuant to ERISA's complete pre-emption provisions. Before the Court is Waites' Motion to Remand ("Motion") this action to Illinois State Court pursuant to 28 U.S.C. § 1447 (c). For the reasons set forth below, the Court denies Waites' Motion [9].

**BACKGROUND**

Waites filed his first Complaint against United of Omaha Life Insurance Company ("UOL") on November 26, 2024, asserting a right to recovery as surviving spouse of Julie Waites, an insured of UOL and former employee of RFU. In that Complaint, Waites alleged UOL's denial of supplemental life insurance benefits pursuant to a suicide exclusion, was improper and inapplicable. The UOL matter was referred to a magistrate judge for settlement negotiations on June 20, 2025, and dismissed on September 25, 2025, pursuant to settlement.

1

While those settlement negotiations were ongoing, on or about August 18, 2025, Waites filed the present Complaint against RFU in the 19th Judicial Circuit. In this Complaint, he alleges that UOL's initial denial of Waites' claim for employer-sponsored life insurance benefits in the amount of $140,000.00, was a result of RFU's negligence. Similar to the UOL matter, Waites seeks declaratory judgement as to his entitlement to benefits. Specifically, Waites alleges UOL denied Waites' claim for supplemental life insurance benefits, in part, because RFU did not submit evidence of insurability to UOL. He maintains, because Mrs. Waites' voluntary supplemental life insurance policy "was self-administered by" RFU, RFU had a duty to ensure that evidence of Mrs. Waites' insurability was collected and delivered to UOL.

After being served, RFU filed a Notice of Removal to this Court on October 15, 2025, asserting that because the life insurance benefit demanded by Waites was ostensibly provided through an employee welfare benefit plan sponsored by RFU, Waites's state claim is governed by ERISA and removable to federal court pursuant to ERISA's "expansive pre-emption provisions." (*See* Dkt. 1 at *2.) Following that Notice of Removal, Plaintiff filed its present Motion asserting the supplemental insurance policy at issue falls within ERISA's Safe Harbor Provision, meaning it is not governed by ERISA and thus outside of the federal court's jurisdiction.

**LEGAL STANDARD**

Removal is proper in any action that could have originally been filed in federal court. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997); *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004). District courts have "diversity" jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and [when the action is] between ... citizens of different states." 28 U.S.C. § 1332(a)(1). And District courts have original jurisdiction in cases involving a "[f]ederal question," i.e., cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

2

When a defendant removes a case from state to federal court, based on a federal question, the defendant must demonstrate to a "reasonable probability" that subject-matter jurisdiction exists. *Chase*, 110 F.3d at 427. The Supreme Court has instructed on several occasions that a case arises under federal law for purposes of § 1331, "if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690, (2006). Because federal courts are courts of limited jurisdiction and may only exercise jurisdiction where specifically authorized by federal statute, *See Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008), any doubt regarding jurisdiction should be resolved in favor of remand. *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir.1993).

**DISCUSSION**

Because RFU does not assert diversity jurisdiction since Waites is an Illinois resident and RFU is an Illinois not-for-profit corporation, the Court's jurisdictional analysis is limited to whether it can assert federal question jurisdiction over Waites' claims. More specifically, because RFU's basis for federal jurisdiction is ERISA, the Court's sole question is whether the life insurance program comes within the Department of Labor's Safe Harbor Provision, 29 C.F.R. § 2510.3-l(j), as to overcome ERISA's preemption requirements.

The "Safe Harbor Provision" excludes some group insurance programs from ERISA's coverage, when four requirements are **all** satisfied (**emphasis added**). *Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 929 (7th Cir. 2018). That provision states, in relevant part:

> For purposes of title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which:
> (1) No contributions are made by an employer or employee organization;
>
> (2) Participation [in] the program is completely voluntary for employees or members;

3

> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
>
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3–1(j). While this Safe Harbor Provision exists, federal courts have construed ERISA's language to "reach virtually all employee benefit plans." *Russo v. B&B Catering, Inc.*, 209 F.Supp.2d 857, 860 (N.D. Ill. 2002) (Moran J.), citing *Brundage-Peterson v. Compcare Health Services Ins. Corp.*, 877 F.2d 509, 512 (7th Cir. 1989). The Seventh Circuit specifically emphasizes that a "complicated, variable, case-by-case standard [for determining if a plan is covered] ... would create more uncertainty and litigation than the gain in substantive justice would warrant. Employers, employees, and insurance companies would have no clear idea whether their rights and obligations were defined by federal law or by state law." *Brundage–Peterson,* 877 F.2d at 511. To avoid this problem, the Court must construe the Safe Harbor Provision narrowly; only a minimal level of employer involvement is necessary to trigger ERISA. *See Russo*, 209 F.Supp.2d at 860.

Waites argues because the life insurance policy at issue was voluntary, fully funded by Mrs. Waites, and because RFU's monthly cost on the policy was $0.00, it fits within the Safe Harbor Provision. (Dkt. 3 at *2.) Waites argues the authorities RFU relies on are inapplicable to the claims at hand. Unlike Waites, he argues, the employer in *Postma* financed the alleged benefit plan in whole or in part, allowing the plan to fall outside of the Safe Harbor. *See Postma v. Paul Revere Life Insurance Co.*, 223 F.3d 533 (7th Cir. 2000); (Dkt. 16 at *1.) And unlike the plaintiff in *Cehovic-Dixneuf*, Waites specifically alleges that RFU did not perform all "administrative functions associated with the maintenance of the policy," which would normally take a policy outside of the Safe Harbor, as

4

evidenced by RFU's failure to provide the requisite paperwork to UOL. *See Cehovic-Dixneuf v. Wong*, 895 F.3d 927 (7th Cir. 2018); (Dkt. 16 at *2.)

RFU, by contrast, emphasizes that all four Safe Harbor elements must be met. (Dkt. 13 at *4.) In his Reply, Waites only addresses two of the four elements, a misstep RFU argues, is fatal to his position. (*Id.*) Independent of that misstep, RFU affirmatively argues two of the elements are not satisfied. RFU argues the first Safe Harbor element, that no contributions are made by the employer, is not satisfied because RFU contributed to the employee benefits plan. (*Id.* at 5.) While RFU concedes Mrs. Waites funded the supplemental life insurance policy at issue, it asserts that when a policy is part of a broader benefits package where "many aspects" of that plan are funded by an employer in whole or in part, it does not fit within the Safe Harbor Provision. (*Id.*) Next, RFU argues the third Safe Harbor element, requiring that an employer not "endorse" a program, is not satisfied because RFU "endorsed" the employee benefits plan through the performance of administrative functions. (*Id.* at 6.) According to RFU, Plaintiff's own pleadings concede that RFU performs, or rather failed to adequately perform, administrative functions like obtaining and submitting evidence of insurability documents to UOL. (Dkt. 1-1 at ¶¶ 14, 17-18). RFU concludes Plaintiff's failure to satisfy both of these elements, defeats his position.

The Court agrees with RFU that Plaintiff's failure to allege that Mrs. Waites' policy meets all four exemptions in the Safe Harbor Provision, is fatal to his Motion . As the Seventh Circuit has repeatedly emphasized, all four requirements must be satisfied to be excluded from ERISA. *Cehovic-Dixneuf*, 895 F.3d at 929. Waites has not sufficiently shown that two of those requisite elements are met. First, Waites has not proven the first element, that "no contributions are made by an employer or employee organization," as to claim the Safe Harbor Provision. As RFU emphasizes, Seventh Circuit authority holds, when a policy is part of a broader benefits package where "many aspects" of the plan are funded by the employer, in whole or in part, it does not fit within the safe harbor. *Postma*,

5

223 F.3d at 538. The RFU benefits package, where Mrs. Waites obtained her supplemental policy, encompassed several types of benefits that are fully funded by RFU, including basic life, accidental death and dismemberment, and long-term disability coverage. Because RFU contributed to the employee benefits plan, generally, and the supplemental life insurance policy at issue was a "menu item" in that plan, the first Safe Harbor element is not satisfied. *See Cehovic-Dixneuf*, 895 F.3d at 930 (holding when a supplemental life insurance policy "was but one menu item" in a larger employer-funded plan, it was not excluded from ERISA's governance).

Waites' Motion also fails because he has not proven the third element, that "RFU's sole function with respect to the program is to permit the insurer to publicize the program to employees or collect premiums through payroll deductions. Waites' own allegations concede that RFU was responsible for obtaining and submitting evidence of insurability to UOL. While Plaintiff takes issue with RFU's alleged failure to perform an administrative function associated with the maintenance of the policy, the merits of whether RFU met its requirements as to ultimately escape liability, do not impact whether the case is governed by ERISA and properly in front of this Court. *See Postma*, 223 F.3d at 538 (stating that at least some minimal, ongoing administrative scheme or practice by an employer, takes a policy out of the Safe Harbor Provision).

Ultimately, because of RFU's financial and administrative involvement in its benefits package, including the supplemental policy at issue, Waites cannot avoid ERISA preemption through the Safe Harbor Provision.

**CONCLUSION**

For these reasons, the Court denies Waites' Motion to Remand pursuant to 28 U.S.C. § 1447(c). The Court additionally strikes RFU's Motion for Extension of Time to Respond to Plaintiff's

Complaint, [3], as moot.[1] RFU is ordered to file its responsive pleading within twenty-one (21) days of this Order.

**IT IS SO ORDERED.**

Date: 2/20/2026

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

---

[1] Having taken RFU's Motion for Extension under advisement, the Court determines the resolution of the litigation Plaintiff initiated against UOL, *James Waites v. United of Omaha Life Insurance Company d/b/a Mutual of Omaha and d/b/a United of Omaha Insurance Company*, Case No. 1:25-cv-01382, does not affect the posture or merits of the present case. Additionally, the Motion is stricken as moot, since the relief sought in the Motion expired on November 11, 2025, the proposed responsive pleading deadline. The responsive pleading deadline outlined in this Order, stands.